ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LAWRENCE L. TONG #3040
Chief, Fraud & Financial Crimes

KENNETH M. SORENSON
AMALIA FENTON
Assistant United States Attorneys
300 Ala Moana Blvd., Rom 6-100
PJKK Federal Building
Honolulu, HI 96580
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: ken.sorenson@usdoj.gov
amalia.fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 25 2017
at 1 o'clock and 34 min. p M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BU YOUNG KIM (01) Defendant. | ) | CR. NO. 16-00786 LEK<br>**MEMORANDUM OF PLEA AGREEMENT**<br>DATE: January 25, 2017<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Kenneth Mansfield |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, BU YOUNG KIM, and her attorney, MICHAEL JAY GREEN,

ESQ., have agreed upon the following:

1. Defendant acknowledges that she has been charged in the Information with violating 18 U.S.C. § 371 charging a conspiracy to violate 21 U.S.C. § 331(a) & (k), § 353(b)(1); 18 U.S.C. § 545; and 31 U.S.C. § 5332(a)(1).

2. Defendant has read the charge against her contained in the Information, and that charge has been fully explained to her by her attorney.

3. Defendant fully understands the nature and elements of the crime with which she has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Information, which charges her with conspiring to: (1) knowingly and fraudulently dispense prescription drugs in the State of Hawaii without being licensed by the state to do so in violation of 21 U.S.C. §§ 331(k), 353(b)(1), and 333(a)(2); (2) import misbranded drugs contrary to law in violation of 18 U.S.C. § 545 and 21 U.S.C. § 331(a); and (3) to knowingly and willfully, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, conceal more than $10,000 in U.S. currency and to transport and transfer such currency from a place within the United States to a place outside of the United States in violation of 31 U.S.C. § 5332(a)(1). In exchange, the United

States Attorney's Office for the District of Hawaii agrees that it will not seek to charge the Defendant with additional charges related to the conduct charged in the Information known to it at the time of this agreement. If the government should obtain new evidence not known as of the date of this agreement, it will have the discretion to seek and bring additional charges against Defendant.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because she is in fact guilty of the violation set forth in the Information, and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the maximum penalties for the offense to which she is pleading guilty include:

a. Count 1: a period of imprisonment of not more than five years; a fine of not more than $250,000; a term of supervised release of not more than three years; and a special assessment of $100.

b. In addition, the Court must impose a $100 special assessment as to the count to which Defendant is pleading guilty. Defendant agrees to pay $100 to the District Court's

Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

   c. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

   8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

  a. During all times relevant to the charge in the Information, Bu Young Kim, the Defendant, was a citizen of the Republic of Korea living in Whitestone, New York.  During all times relevant to the charge set forth in the Information, Defendant was married to Chan Hui Cho.

  b. From between January 1, 2014 and March 24, 2016, Defendant and Chan Hui Cho traveled to the Republic of Korea for the purpose of obtaining prescription drugs with the intent of administering them to persons in Hawaii and elsewhere to minimize the appearance of wrinkles and other signs of aging. Upon acquiring prescription drugs from sources in Korea, Defendant dispensed such products in the United States, including in the State of Hawaii, to individuals seeking facial cosmetic and "filler" type treatments and procedures, along with other facial, appearance and health enhancement benefits.

  c. The State of Hawaii Department of Commerce and Consumer Affairs (DCCA) regulates the practice of medicine and the dispensing and administration of prescription drugs in Hawaii.  Hawaii state law requires persons and practitioners who perform medical procedures and who dispense prescription drugs to undergo formal educational training, and to be licensed. Neither the Defendant nor Chan Hui Cho have any formal medical or pharmaceutical education or training.  Neither the Defendant

nor Chan Hui Cho are licensed by the State of Hawaii to practice medicine, or to provide any form of medical treatment to patients. Neither Defendant nor Chan Hui Cho undertook, at any time, formal education or training in any medical field or pharmacology, or met the licensing and testing requirements to become a licensed medical or pharmacological practitioner in the State of Hawaii.

d. The products obtained, dispensed and/or administered to individuals in Hawaii by Defendant contained active pharmaceutical ingredients requiring a prescription. These products included, but were not limited to: Dysport, a prescription injection for cosmetic improvement similar to "Botox"; Lidocaine, a numbing agent; Liporase Injectible Hyaluronidase, an injectable spreading substance used to encourage the dispersion and absorption of fillers; substances containing betamethasone, a corticosteroid used to alleviate inflammation and treat severe skin conditions; substances containing dexamethasone, another corticosteroid; and substances containing triamcinolone acetonide, a topical and injectable corticosteroid.

e. It was the practice of the Defendant and Chan Hui Cho to fly into Hawaii either in possession of the prescription drugs they intended to administer, or to cause them to be

shipped from the Republic of Korea to Hawaii prior to their arrival. On at least one occasion Defendant transported misbranded drugs in her carry-on luggage, which were seized from her upon her arrival at JFK International Airport in New York, New York.

  f. Once the Defendant and Chan Hui Cho arrived in Hawaii, the Defendant would administer injections of substances containing active pharmaceutical ingredients requiring a prescription, such as Dysport, in rented hotel rooms, the residences of associates, or cooperating business locations.

  g. It was the practice of Defendant and Chan Hui Cho to charge recipients of Defendant's medical and cosmetic treatments $100 to $500 dollars in U.S. currency.

  h. When Defendant was administering prescription drugs to consumers, neither she nor Chan Hui Cho provided any warning indications, or any warning materials, setting forth the risk factors for consideration when using the above prescription drugs. Nor did they disclose to consumers that Defendant was administering prescription drugs that only a medical practitioner licensed by the State of Hawaii could prescribe, and only a medical practitioner or pharmacist licensed by the State of Hawaii could dispense.

    i. The prescription drugs and other drugs imported into the United States by Defendant and Chan Hui Cho failed to exhibit adequate labeling because they (1) failed to present adequate directions for use and adequate warnings; (2) failed to have labeling in the English language; (3) were not annually listed with the U.S. Food and Drug Administration as one of the drugs which was being manufactured for commercial distribution in the United States; and (4) were prescription drugs, yet failed to display the mandatory cautionary symbol: "Rx Only" as required by United States law.

    j. Defendant also arranged for the import and transport of the above listed prescription drugs, either through commercial carrier or courier, into the United States from Korea.  From time to time, Chan Hui Cho would receive such shipments via commercial carrier at his business in New York, as well as at other locations.

    k. It was the practice of the Defendant to at times arrange for individuals to receive commercial carrier shipments of the above listed prescription drugs at their businesses or residences in Honolulu, Hawaii.  In or about mid-September 2015, Defendant caused to be shipped, from the Republic of Korea to an address in Honolulu, Hawaii, a package containing prescription drugs that failed to provide warning indications and failed to

display the cautionary symbol "Rx Only". The shipping label on the package failed to declare all of the drugs and products contained in the shipment. In August and September of 2015, packages with the same cargo and commodity descriptions were sent from the Republic of Korea to Chan Hui Cho at his business located at 4724 Church Avenue, Brooklyn, New York.

l. It was the practice of Defendant to arrange through intermediaries medical or treatment sessions wherein she would administer prescription drugs by injection via hypodermic needle into the facial areas of individuals who were seeking the benefits of facial fillers and "Botox" like substances or otherwise wanted to minimize the appearance of wrinkles and other signs of aging. At no time did Defendant warn or advise these individuals that she was not a licensed medical practitioner or licensed pharmacist, or that she had no formal education or training in medicine or pharmacology.

m. On or about November 12, 2015, Defendant and Chan Hui Cho traveled to Honolulu, Hawaii for the purpose of dispensing prescription drugs. Once in Honolulu, Chan Hui Cho rented room 354 of the Pagoda Hotel in Honolulu, Hawaii for a period of several days. During this time period, Defendant injected individuals with prescription drugs.

n. On or about March 6, 2016, Defendant and Chan Hui Cho attempted to board a flight in Honolulu, Hawaii bound for the Republic of Korea. Defendant and Chan Hui Cho carried collectively on their persons, and in their checked baggage, the sum of $79,986. Chan Hui Cho falsely declared, with the knowledge of Bu Young Kim, on the required Customs and Border Protection Form, CBP Form 6059-B, that he and Defendant were not carrying more than $10,000 in United States currency. When questioned by U.S. Customs and Border Protection officers, Defendant and Chan Hui Cho both told the officers that they were carrying only $9,000. Upon searching the checked baggage and the persons of Chan Hui Cho and Defendant, agents found them to be in possession of $79,986 in U.S. currency.

o. On March 24, 2016, Defendant administered Dysport injections to patients and clients at a condominium project in Honolulu, Hawaii. Chan Hui Cho was also present in the apartment unit. At this time, Defendant and Cho were in possession of a large quantity of prescription drugs, including Dysport and antibiotics that could only be legally administered by a licensed practitioner and which required a prescription to dispense.

p. On April 1, 2016, Defendant and Chan Hui Cho possessed at their residence located in Queens, New York,

prescription drugs which were intended by them to be dispensed to the public. These prescription drugs included, for example, 10 boxes of preloaded syringes of Lidocaine and 30 vials of Triamcinolone acetonide. These drugs were mislabeled in that they failed to exhibit the cautionary symbol "Rx", failed to provide adequate warning indications for use and were not fully labeled in the English language. Defendant and Chan Hui Cho also possessed at this time approximately $86,461.00 in U.S. currency.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner,

so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in the sentencing offense level pursuant to Guideline § 3E1.1(b), if Defendant is otherwise eligible. Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the right (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    b. The parties agree that USSG §2N2.1 applies. Because the parties agree the offense conduct involved fraud, USSG §2B1.1 provides the offense level. *See* USSG §2N2.1(c)(1).

    c. For purposes of loss, the parties agree the loss amount is more than $150,000, but equal to or less than $250,000.

    d. The parties agree that the offense conduct did not involve sophisticated means in that it did not involve especially complex or intricate means pertaining to the execution of the offense.

e. The parties agree that the amount of currency which Defendant attempted to transport from the United States was more than $40,000 and less than $95,000 which were proceeds of Defendant's unlawful importation of misbranded drugs contrary to law in violation of 18 U.S.C. §545.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6Bl.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

a. None are known at the time of the drafting of this agreement.

13. Defendant is aware that she has the right to appeal her conviction and the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in

Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. Defendant also waives her right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to Defendant, Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.  The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.  The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.  Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and

her attorney would have a say in who the jurors would be by removing prospective jurors for cause whose actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege

against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

17. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

18. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. Defendant agrees that she will fully cooperate with the United States.

    a. She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

    c. Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Information or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

    d. Pursuant to 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as

may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

22. In the event that Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline 5Kl.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

DATED: Honolulu, Hawaii, January 25, 2017.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

Kim Sorenson (FOR)
LAWRENCE L. TONG
Chief, Fraud & Financial Crimes

BU YOUNG KIM
Defendant

Kim Sorenson
KENNETH M. SORENSON
Assistant U.S. Attorney

MICHAEL JAY GREEN, ESQ.
Counsel for Defendant

AMALIA FENTON
Assistant U.S. Attorney